**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CAROL ZIEGLER,**

                **Plaintiff,**        **1:06-CV-00917**
                                                       **(GLS/DRH)**

        **v.**

**WARREN J. ADAMS and SANDRA**
**SLIPKO,**

                **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Carol Ziegler<br>Plaintiff, *Pro Se*<br>1444 1st Street<br>Apartment #2<br>Rensselaer, New York 12144 | |
| **FOR THE DEFENDANTS:** | |
| OFFICE OF DONALD ZEE<br>One Winners Circle<br>Suite 140<br>Albany, New York 12205 | BRIAN S. LYDA, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## **ORDER**

*Pro se* plaintiff Carol Ziegler brings this action, pursuant to Title VII of the Civil Rights Act, alleging sex discrimination by former supervisors. *See Dkt. No. 1; see also* 42 U.S.C. § 2000e, *et seq.* Pending is defendants' motion to dismiss for lack of personal jurisdiction. *See Dkt. No. 10.* For the reasons that follow, defendants' motion is granted, and the complaint is dismissed.

On July 28, 2006, Ziegler filed a complaint and *In Forma Pauperis* (IFP) application. *See Dkt. No. 1.* Subsequently, Ziegler's IFP application was granted. *See Dkt. No. 4.* However, for reasons unknown to the court, service on the defendants was not attempted by the U.S. Marshall Service until January 8, 2007. *See Dkt. No. 12.* Currently, service has yet to be properly executed. *See id.*

The court is well acquainted with the service requirements under Federal Rule of Civil Procedure 4(m) and Local Rule 4.1(b). Here, it is not clear why service was not completed within the requisite time period. While the court could dismiss the complaint on this basis, it chooses not to since there are other deficiencies in the complaint. Specifically, the two named defendants are supervisors, and supervisors may not be held

personally liable under Title VII.  *See Everson v. New York City Transit Authority*, 02-CV-1121, 2007 WL 539159, at *18 (E.D.N.Y. Feb. 16, 2007); *see also Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995).  Moreover, even if Ziegler was afforded the opportunity to amend her complaint, she still would be unable to seek relief under Title VII.  Based on the Equal Employment Opportunity Commission's findings, her employer, Warren J. Adams Contracting Corporation, maintains twelve employees.  *See 5/5/06 EEOC Ltr.; Dkt. No. 10, Ex. 3*.  Title VII only applies to employers with at least fifteen employees.  *See* 42 U.S.C. § 2000e(b).  Therefore, Ziegler is statutorily barred from bringing a Title VII action against Warren J. Adams Contracting Corporation.  Accordingly, her complaint is dismissed, and defendants' motion to dismiss is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that defendants' motion to dismiss for lack of personal jurisdiction **(Dkt. No. 10)** is **GRANTED**; and it is further

**ORDERED**, that the complaint **(Dkt. No. 1)** is **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED**.

June 20, 2007
Albany, New York

                                                                      _____
                                                                      Gary L. Sharpe
                                                                      U.S. District Judge